Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JONATHAN LÓPEZ ROMÁN<br><br>Recurrente | KLCE202500503 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número:<br>C LA2012G0009<br><br>Sobre:<br>Ley de Armas |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante nos, por derecho propio, la parte peticionaria, Jonathan López Román, mediante el recurso de epígrafe y nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 4 de marzo de 2025, notificada al día siguiente.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 4 de marzo de 2025, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual, en otras palabras, declaró No Ha Lugar una moción sometida por Jonathan López Román (peticionario) al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Inconforme, el 21 de abril de 2025, recibido en la Secretaría de este Foro el 7 de mayo del mismo año, la parte peticionaria acudió ante nos mediante el presente recurso.

Número Identificador

SEN2025 _____

En cumplimiento con nuestra *Resolución* del 3 de junio de 2025, la parte recurrida compareció mediante una *Solicitud de Desestimación*, por falta de apéndice, el 16 de junio de 2025.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de

proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado prematuramente, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 32 de nuestro Reglamento, según enmendado, 4 LPRA Ap. XXII-B, R. 32, establece que el término para presentar el recurso de *certiorari* para revisar las resoluciones dictadas por el Tribunal de Primera Instancia será dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de una copia de la notificación de la resolución u orden recurrida. De otro lado, el mismo Reglamento en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Tribunal debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

En el caso de autos, la parte peticionaria solicita que revoquemos la *Orden* emitida el 4 de marzo de 2025, notificada el día siguiente. En desacuerdo con dicho dictamen, el peticionario acudió ante nos mediante un recurso de *certiorari* el 21 de abril de 2025. Ahora bien, el término jurisdiccional de treinta (30) días que impone nuestro ordenamiento jurídico para recurrir de dicho dictamen venció el 4 de abril del año corriente. Transcurrido el término jurisdiccional sin que el peticionario presentara el presente recurso en o antes de transcurrido el referido término, estamos impedidos de atender, en los méritos, el presente recurso.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones